UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NANCY A. FISHER,

    Plaintiff,

                                      Case No. 14-12734

v.

                                      Honorable Denise Page Hood

JP MORGAN CHASE BANK, NA and
FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

    Defendants.

_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AS TO PLAINTIFF NANCY A. FISHER

This matter is before the Court (removed from Oakland County Circuit Court) on Defendants JPMorgan Chase Bank, NA, and Federal National Mortgage Association's Motion to Dismiss Plaintiffs Howard P. Fisher and Nancy A. Fisher's Complaint **[Docket No. 4, filed August 15, 2014]** to which Plaintiffs filed a Response in opposition, **[Docket No. 7, filed September 19, 2014]** and Defendants filed a Reply **[Docket No. 8, filed October 2, 2014]**. For the reasons discussed below, Defendants' Motion to Dismiss is **GRANTED**. The Court entered an Order Staying the Case as to Howard P. Fisher on February 18, 2015 **[Docket No. 11]**.

I.      PROCEDURAL HISTORY & BACKGROUND

On October 8, 2004, Plaintiffs obtained a $246,250.00 loan from Pioneer Mortgage, Inc., to finance the purchase of real property located at 5012 Knollcrest Court, Commerce Township, Michigan 48382 (the "Property"). Plaintiffs signed a note (the "Note") promising to pay with a mortgage (the "Mortgage") on the property as security. Mortgage Electronic Registration Systems, Inc. ("MERS") was named as the mortgagee on the Mortgage, and it was recorded on October 20, 2015. On August 31, 2011, MERS assigned the mortgage on the property to JPMorgan Chase Bank, NA ("Chase"). Both the Mortgage and assignment were recorded in Oakland county Records.

Following this assignment, Plaintiffs defaulted on their mortgage payments, leading to foreclosure of the property. The property was sold at a Sheriff's Sale on December 17, 2013 to Federal National Mortgage Association ("Fannie Mae"). The Sheriff's Deed noted that the last day to redeem the property was June 17, 2014, consistent with the sixth month statutory redemption period. Plaintiff filed a Complaint against Defendants on June 13, 2014, in the Oakland County Circuit Court. After Defendants removed the case to this Court, Plaintiffs filed an Amended Complaint on July 17, 2014 **[Docket No. 2]**.

Plaintiffs made the following allegations against Defendants in the Amended Complaint filed July 17, 2014: (1) Complaint to Clear Title of Fannie Mae, (2) Violation of The Due Process Clause of the Fifth Amendment by Fannie Mae, (3)

common law action for Slander of Title by Fannie Mae, (4) statutory action for Slander of Title by Fannie Mae, (5) common law action for Slander of Title by Chase, (6) statutory action for Slander of Title by Chase, (7) fraud by Chase, and (8) Misrepresentation by Chase **[Docket No. 2, filed July 17, 2014]**.

## II.     STANDARD OF REVIEW

Rule 12(b)(6) of the Rules of Civil Procedure provides for a motion to dismiss based on failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]  Factual allegations must be enough to raise a right to relief above the speculative level…" *Id.* at 555 (internal citations omitted).  Although not outright overruling the "notice pleading" requirement under Rule 8(a)(2) entirely, *Twombly* concluded that the "no set of facts" standard "is best forgotten as an incomplete negative gloss on an accepted pleading standard." *Id.* at 563.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged.  *Id.* at 556.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  *Id.*  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Id.* at 557.  Such allegations are not to be discounted because they are "unrealistic or nonsensical," but rather because they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation.  *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

In sum, for a complaint to survive a motion to dismiss, the non-conclusory "factual content" and the reasonable inferences from that content must be "plausibly suggestive" of a claim entitling a plaintiff to relief.  *Id.*  Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not shown that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).

The Court notes that consideration of a motion to dismiss under Rule 12(b)(6) is confined to the pleadings.  *Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008).  In assessing the facial sufficiency of the complaint, the Court must ordinarily do so without resort to matters outside the pleadings.  *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir .2010).  However,

"documents attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335-36 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)); *see also Koubriti v. Convertino*, 593 F.3d 459, 463 n.1 (6th Cir. 2010).

The Court further notes that even if a document is not attached to a complaint or answer, "when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." *Commercial Money Ctr.*, 508 F.3d at 335-36. Where a plaintiffs does not refer directly to given documents in the pleadings, if those documents govern the plaintiff's' rights and are necessarily incorporated by reference, then the motion need not be converted to one for summary judgment. *See Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) (holding that plan documents could be incorporated and assessed without converting a motion to dismiss to a motion for summary judgment, even though the complaint referred only to the "plan" and not the accompanying documents). Additionally, "[a] court may consider matters of public record in deciding a motion to dismiss without converting the motion to one for summary judgment." *Northville Downs v. Granholm*, 622 F.3d 579, 586 (6th Cir. 2010) (quoting *Commercial Money Ctr., Inc.*, 508 F.3d at 335-36).

Under Michigan law, non-judicial foreclosures are governed by statute. Mich. Comp. Laws § 600.3204; *Senters v. Ottawa Sav. Bank, FSB*, 503 N.W.2d 639, 641 (Mich. 1993). "Once the mortgagee elects to foreclose a mortgage by this method, the statute governs the prerequisites of the sale, notice of foreclosure and publication, mechanisms of the sale, and redemption." *Id.* After a foreclosure sale, the mortgagor has a period of six months in which he may redeem the property. Mich. Comp. Laws § 600.3240(8). Upon expiration of the redemption period, all rights and title vest in the purchaser of the foreclosed property. *See* Mich. Comp. Laws § 600.3236. The former owner loses "all [his] right, title, and interest in and to the property at the expiration of [his] right of redemption," *Piotrowski v. State Land Office Bd.*, 4 N.W.2d 514, 517 (Mich. 1942), and can no longer assert a claim with respect to the property. *See Overton v. Mortg. Elec. Registration Sys., Inc.*, No. 284950, 2009 WL 1507342 (Mich. Ct. App. May 28, 2009) (unpublished). As a result, all rights, interest, and title to the subject property vested in Fannie Mae.

Filing of a lawsuit does not toll the redemption period and once that period expired, the plaintiff lacked standing to challenge the foreclosure proceedings. *Overton,* 2009 WL 1507342 at *1. A court may consider equitable remedies only if there is a clear showing of fraud or irregularity *as to the foreclosure proceeding itself*, and not simply as to any conduct by a defendant. *Houston,* 2012 WL 5869918 at *5 (citing, *Freeman v. Wozniak,* 241 Mich. App. 633 (2000)).

6

Michigan's foreclosure by advertisement scheme was meant to impose order on the foreclosure process while still giving security and finality to purchasers of foreclosed properties. *Conlin v. Mortg. Elec. Registration Sys., Inc.,* 714 F.3d 355, 359 (6th Cir. 2013). A plaintiff must make two showings to set aside a foreclosure action, the first being a strong case of fraud or irregularity relating to the foreclosure proceedings itself and that the plaintiff suffered prejudice by the defendant's failure to comply with the statute, M.C.L. § 600.3204. *Id.* at 360; *Sweet Air Inv., Inc. v. Kenney,* 739 N.W.2d 656, 659 (Mich. Ct. App. 2007); *Kim v. JP Morgan Chase Bank, N.A.,* 825 N.W.2d 329, 339 (Mich. 2012).

Allegations of fraud are subject to heightened pleading requirements. *See* Fed. R. Civ. P. 9(b) (requiring "a party [to] state with particularity the circumstances constituting fraud or mistake"); *Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008) ("At a minimum, [a plaintiff] must allege the time, place and contents of the misrepresentations upon which [he or she] relied.").

### III. ANALYSIS

Defendants move this Court to grant dismissal of all Plaintiffs' allegations pursuant to Federal Rule of Civil Procedure 12(b)(6). First, Defendants argue that the challenges to the foreclosure sale are barred because the redemption period expired, and Plaintiffs do not allege they sustained prejudice in the sale. Second, Plaintiffs' request to have title quieted in their name or have the foreclosure set

aside because Fannie Mae bid at the foreclosure sale fails as a matter of law. Third, Plaintiffs' claim that Fannie Mae violated their due process rights when its loan servicer foreclosed on their property fails as a matter of law, because Fannie Mae is a private actor. Fourth, the Plaintiffs' claims for slander of title fail as a matter of law because Plaintiffs do not allege the elements of the claim. Fifth, the Plaintiffs fail to allege fraud with particularity, the stature of frauds prevents it, and the Plaintiffs have not alleged a violation of a legal duty outside the contract.

Plaintiffs filed a Response to the Motion to Dismiss **[Docket No. 7, filed September 19, 2014]**. They claim that the expiration of the redemption period doesn't bar their case because they are governed by a 5-year statute of limitations whereby they may challenge the foreclosure sale under MCL 6000.5801(1). Second, Fannie Mae is a governmental agency under *Lebron v. National Railroad Passenger Corp,* 513 US 374 (1995), and it violated the Fifth Amendment and Due Process clause. Third, the foreclosure sale is void *ab initio*, because Plaintiffs were deprived of the opportunity to be heard, and there is no showing of prejudice necessary.

Defendants filed a Reply to Plaintiffs' Response to the Motion to Dismiss **[Docket No. 8, filed October 2, 2014]**. The statute of limitations has passed, because they are not claiming title under the sheriff's deed, which would provide them with the longer statute of limitations. The Sixth Circuit has already held that

Fannie Mae is not a government actor in several cases. *Mik v. Fed. Home Loan Mortg. Corp.*, 743 F.3d 149 (6th Cir. 2014). *Lebron* requires that the federal government retain for itself permanent authority to appoint a majority of the directors in order for a private company to be considered a government actor. That is not the case here.

### A. Fannie Mae as Private Actor

Plaintiffs further argue that Fannie Mae is a government actor, and therefore violated the Due Process Clause of the Fifth Amendment by depriving Plainitffs of the opportunity to be heard prior to the foreclosure. The Courts have already determined that Fannie Mae is not a government actor. *See Lopez v. Bank of America, N.A.*, 920 F. Supp. 2d 798, 801 (W.D. Mich. 2013) ("Because Fannie Mae is not under permanent governmental control, it is not a governmental actor for purposes of constitutional challenges."); *In re Kapla*, 485 B.R. 136, 153 (Bankr. E.D. Mich. 2012) ("Fannie Mae is not a government actor, and did not become a government actor when FHFA was appointed as conservator."); *Rubin v. Fannie Mae,* No. 12–CV–12832, 2012 WL 6000572, at *3 (E.D.Mich. Nov. 30, 2012) ("The Court finds that Fannie Mae is not a federal actor."). Since Fannie Mae is not a government actor, Count II of Plaintiffs' Amended Complaint fails.

### B. Impact of Redemption Period

The redemption period expired on June 17, 2014, which was six months after the Sheriff's Deed was issued.  M.C.L. §§ 600.3240(8) and 600.3236.  Michigan cases hold that the time provided by statute for redemption may be extended by agreement of the parties.  *Keybank Nat'l Ass'n v. Ameriquest Mortg. Co.,* 2004 WL 1057814, at * 4 (Mich. App. May 11, 2004).  No such agreement has been entered between the parties.   Plaintiffs rely on M.C.L. 600.5801(1) as the source of a 5-year statute of limitation.  M.C.L. 600.5801(1) applies when claiming title pursuant to a sheriff's deed, which is not the case here.

Even though Plaintiffs filed the suit a few days before the expiration of the redemption period, it is insufficient to toll the redemption period.  *See Overton,* 2009 WL 1507342 at *1.   Plaintiffs were "required to raise the arguments when foreclosure proceedings began" by attempting to stay or challenge the foreclosure.  *Id.*  The Court is without authority to extend the redemption period since Plaintiff has not shown a strong case of fraud or irregularity in the foreclosure proceedings.  Plaintiffs' claim to set aside the foreclosure action and resulting sheriff's sale must be denied.  Because the redemption period has expired in this case, Plaintiffs' interest in the property at issue has been extinguished.  Count I of Plaintiffs' Amended Complaint fails.

**C. Slander of Title**

Under both common law and MCL 565.108, "a plaintiff must show falsity, malice, and special damages, i.e., that the defendant maliciously published false statements that disparaged a plaintiff's right in property, causing special damages," such as litigation costs and loss of rent. B & B Inv. Grp. v. Gitler, 229 Mich.App. 1, 581 N.W.2d 17, 20 (1998). Because Plaintiffs failed to identify any false statements that disparaged their right to the property and have not pointed to any special damages, Counts III, IV, V, and VI of Plaintiffs' Amended Complaint fail.

### D. Fraud & Misrepresentation

A review of Plaintiffs' Amended Complaint shows that Plaintiffs has not sufficiently alleged any fraud committed by the Defendants. The Sixth Circuit has interpreted Rule 9(b) as requiring a plaintiff to allege the time and content of the alleged misrepresentation on which they relied, the fraudulent scheme, the fraudulent intent of the defendants, and the injury resulting from the fraud. *See Yuhasz v. Brush Welman, Inc.*, 341 F.3d 559, 563 (6th Cir. 2003). Michigan law does not "allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of fraud, or irregularity." *Overton v. Mortg. Elec. Registration Sys.*, 284950, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009). Plaintiff's complaint fails to show a genuine issue of material fact regarding any fraud or irregularity in the foreclosure sale itself.

11

Attached to the Defendant's motion is: (1) a copy of the Note, (2) a copy of the mortgage, (3) a copy of the assignment of the mortgage, and (4) a copy of the sheriff's deed. As noted above, these documents were duly filed. After examination of the documents provided to the Court, the documents appear sufficiently complete to apprise Plaintiffs of the details of the loan transaction. As noted above, Plaintiff has failed to allege any facts supporting fraud relative to these documents.

Upon review of Plaintiffs' Amended Complaint, the Court is not satisfied that the Plaintiffs have adequately pleaded a claim for fraud or misrepresentation. The Plaintiffs' response to Defendants' motion does not cure this deficiency as it also fails to specify any fraud or misrepresentation committed by the Defendants. Counts VII and VIII of Plaintiffs' Amended Complaint fail, and the Complaint must be dismissed in its entirety.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss **[Docket No. 4, filed August 15, 2014]** is **GRANTED** as to Plaintiff Nancy Fisher.

**IT IS FURTHER ORDERED** that this case be **DISMISSED** as to Plaintiff Nancy Fisher.

S/Denise Page Hood  
Denise Page Hood  
United States District Judge

Dated:  February 27, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 27, 2015, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry  
Case Manager